IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                     )<br>                              PLAINTIFF   )<br>                                                          )<br>v.                                                       )<br>                                                          )<br>2019 Black Mercedes-Benz 3500XD Crew, )<br>VIN: WD4PF4CDXKP155500                 )<br>                                                          )<br>2017 White Tesla Model X, VIN:              )<br>5YJXCAE48HF075775                            )<br>                                                          )<br>1962 Red/Cream Chevrolet Impala, VIN:  )<br>21769K160645                                      )<br>                                                          )<br>2015 White Toyota 4-Runner, VIN:           )<br>JTEBU5JR9F5238248                              )<br>                                                          )<br>2019 White BMW X3, VIN:                      )<br>5UXTS3C5XKLR73709                            )<br>                                                          )<br>2020 Can-Am Maverick X3, VIN:             )<br>3JBVXAV4XLK001577                             )<br>                                                          )<br>2020 Yellow Honda TRX420FA2L Rancher ATV, )<br>VIN: 1HFTE4192L4600458                       )<br>                                                          )<br>2019 Blue/Orange Bombardier 35KA Wake 155, )<br>Hull Number: YDV45515A919                 )<br>                                                          )<br>2019 Blue/Orange Bombardier 35KA Wake 155, )<br>Hull Number: YDV41862K819                 )<br>                                                          )<br>2015 White Rolls Royce Wraith, VIN:      )<br>SCA665C56FUX85372                            )<br>                                                          )<br>2014 Black Porsche Panamera, VIN:        )<br>WP0AF2A76EL083482                           )<br>                                                          )<br>2020 White Chevrolet Silverado 1500 Crew Cab, )<br>VIN: 1GCUYGED0LZ253284                  ) | Civil No. <u>2:21-CV-02189</u> |

Page **1** of **9**

| | |
|---|---|
| 2021 Black GMC Yukon Denali, VIN: 1GKS1DKL1MR116205 | ) ) |
| 2020 Black Ford F-450, VIN: 1FT8W4DT9LEC83745 | ) ) ) |
| 2021 White Four Star Trailer, VIN: 4FKHG372XM0039028 | ) ) ) |
| 1998 Red Dodge Ram 2500, VIN: 3B7KF2660WM245434 | ) ) ) |
| 2017 Black Cadillac Escalade, VIN: 1GYS4DKJ8HR389417 | ) ) ) |
| 2011 Black Mercedes-Benz GLK Class Utility, VIN: WDCGG8HB3BF642818 | ) ) ) |
| Toro Riding Lawnmower, Model Number: 75755 | ) ) |
| 2012 White Ford Commercial Transit Connect Cargo Van, VIN: NM0LS7AN7CT091388 | ) ) ) |
| 2021 Black Karavan Trailer, VIN: 5KTUS1413KF519784 | ) ) ) |
| 2011 Red Polaris Ranger, VIN: 4XAWH50A1BB413732 | ) ) ) |
| 2021 White Cadillac Escalade Platinum, VIN: 1GYS4GKL4MR297394 | ) ) ) |
| 2015 Gray Nissan Juke, VIN: JN8AF5MR3FT513022 | ) ) ) |
| 4 Trailers | ) ) |
| $44.29 in funds from First Horizon Bank account ending in 3194 | ) ) ) |
| $94,971.58 in funds from Bank OZK, Fort Smith, AR account ending in1863 | ) ) ) |
| $225.95 in funds from IBC Bank, Fort Smith, AR | ) |

| | |
|---|---|
| account ending in 0124 | ) |
| $9,046.29 in funds from BancFirst, Oklahoma City, OK account ending in 4027 | ) ) ) |
| | ) |
| $44,840.37 in funds from BancFirst, Oklahoma City, OK account ending in 9512 | ) ) |
| | ) |
| $22,843.23 in funds from BancFirst, Oklahoma City, OK account ending in 7788 | ) ) |
| | ) |
| $72,008.59 in funds from Valliance Bank, Fort Smith, AR account ending in 4208 | ) ) |
| | ) |
| $20,858.19 in funds from Valliance Bank account ending in 7046 | ) ) |
| | ) |
| $101,754.95 in funds from Valliance Bank account ending in 7970 | ) ) |
| | ) |
| $833.96 in funds from Bank of Oklahoma account ending in 7502 | ) ) |
| | ) |
| $14,062.61 in funds from Bank of Oklahoma account ending in 0157 | ) ) |
| | ) |
| $2,094.00 in funds from Bank of Oklahoma account ending in 2749 | ) ) |
| | ) |
| $25.06 in funds from Bank of Oklahoma account 6456 | ) ) |
| | ) |
| $52,493.00 U.S. Currency | ) |
| | ) |
| One Aria Casino $5,000 Poker Chip | ) |
| | ) |
| 29 pairs of shoes | ) |
| | ) |
| 5 paintings, 3 prints and 1 poster | ) |
| | ) |
| 1 Louis Vuitton handbag | ) |
| | ) |
| Miscellaneous jewelry items to include rings, necklaces and pendants, earrings, ladies Rolex watch | ) ) ) |

| | |
|---|---|
| 3 framed sports collectible jerseys | ) ) ) |
| Black cabinet sound console with assorted analog boards, power supplies, and equalizers | ) ) ) ) |
| Wood cabinet sound console with assorted analog boards, sound processing and equalizers | ) ) ) ) |
| API Legacy Sound Console with Computer Screen and Power Supply, black | ) ) ) ) |
| Miscellaneous music equipment to include, guitars and cases, cymbals, drums and stools, piano/ keyboards, amplifiers and cases, speakers, headphones, microphones and stands, tambourines, violins, toms, guitar straps/strings/picks/stands/ pedals, power and adapter cords and cables, square reader for credit cards, light systems, guitar seats, soundproof tiles, hard drives, DEFENDANTS | ) ) ) ) ) ) ) ) ) ) ) |

## **PLAINTIFF'S MOTION TO REOPEN AND REQUEST FOR PARTIAL STAY**

Plaintiff, United States of America, by and through the United States Attorney for the Western District of Arkansas, moves this Court to reopen the case pursuant to this Court's Order (Doc. 43) and stay the proceedings as to the Defendant assets subject to claims made by Claimants James J. Taylor, Jr., Celesta Taylor, Maehunt Farm, LLC, and Maehunt Sport Horses, LLC (Doc. 45), pursuant to 18 U.S.C. § 981(g), and states as follows:

### PROCEDURAL HISTORY

On November 23, 2021, a Complaint for Forfeiture in Rem was filed with this Court against the above-captioned Defendant assets, alleging that the Defendant assets were subject to forfeiture because they represent proceeds of health care fraud, represent proceeds of conspiracy to commit health care fraud, and/or represent proceeds of money laundering and/or were involved in money

laundering offenses. (Doc. 2).

There were multiple claims filed to some but not all the Defendant assets, including a claim filed by Claimants James J. Taylor, Jr., Celesta Taylor, Maehunt Farm, LLC, and Maehunt Sport Horses, LLC (hereinafter collectively referred to as "the Taylor Claimants"). (Doc. 39). All known potential claimants have received notice of this matter (Docs. 5—34), and any unknown claimants have been given notice by publication (Doc. 42). The time to file claims has expired.

On December 21, 2021, Claimant Brant Jolly ("Claimant Jolly") filed a Motion to Stay, asserting that "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation." (Doc. 37). Claimant Jolly's Motion to Stay was granted, and this matter was stayed pending resolution of the related criminal case, *United States v. Billy Taylor*, 2:21-CR-20030. (Doc. 43). This Court instructed counsel "to file a motion to reopen the case once the related criminal proceedings are completed." *Id*.

On June 8, 2023, the related criminal proceedings were completed with the sentencing of the Billy Taylor, and the Plaintiff now moves to reopen this mater pursuant to the Court's January 2022 Order, and to stay the proceedings pursuant to 18 U.S.C. 981(g) only as to those assets subject to claims made by the Taylor Claimants.

## REQUEST FOR PARTIAL STAY

The Court may stay a forfeiture action upon the motion of either the Government or the claimant if certain conditions are satisfied. Specifically, "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Similarly, "[u]pon motion of a

claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that -- (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." 18 U.S.C. § 981(g)(2).

The allegations set forth in the Complaint that are the basis for forfeiture are still part of an ongoing criminal investigation by the Federal Bureau of Investigation as to Claimant James J. Taylor, Jr. and others. Thus, the United States asks that this civil forfeiture case be stayed as to the Defendant assets to which the Taylor Claimants have made claims in order to protect information that has been obtained in the course of the related criminal investigation from being prematurely disclosed to the Taylor Claimants as part of the civil discovery process.

Providing civil discovery to the Taylor Claimants could interfere with the ongoing criminal investigation and prosecution of James J. Taylor, Jr. by giving them an opportunity to prematurely ascertain the details of the ongoing criminal investigation, such as the identity of undisclosed witnesses, the avenues of investigation, and potential theories of prosecution. Moreover, the outcome of the criminal investigation will likely materially advance the resolution of the Taylor Claimants' claims.

The Taylor Claimants, by and through their attorney, Mack K. Martin, have advised that they do not oppose this request for a partial stay. Additionally, if the Plaintiff's motion for partial stay is not granted, Plaintiff anticipates that the Taylor Claimants would move to stay the proceedings so that they are not subjected to discovery during an ongoing criminal investigation,

which may burden their Fifth Amendment rights.[1]

As for the other claimants, there is currently not a concern that proceeding to discovery will burden their Fifth Amendment rights. Additionally, Plaintiff's concerns regarding the premature disclosure of information obtained during the investigation to the Taylor Claimants and others by the remaining claimants can be alleviated through the entry of a protective order.

The Plaintiff's request to reopen this case and only stay as to those Defendant assets subject to the Taylor Claimants' claims, protects the related, ongoing criminal investigation and avoids burdening the Taylor Claimants' Fifth Amendment rights, yet allows the Plaintiff and the other claimants to work towards resolution as to the Defendant assets not subject to claims by the Taylor Claimants.

Lastly, the Plaintiff currently believes a stay of 180 days as to the assets subject to the claims made by the Taylor Claimants should provide sufficient time to conclude the related criminal investigation. If the Court grants this request, within 30 days after the investigation is resolved, the Plaintiff will inform the Court.

## CONCLUSION

For the reasons stated herein, the Plaintiff respectfully requests that the Court reopen this civil forfeiture case and grant a partial stay of 180 days, which may be extended upon motion of the parties, as to the Defendant assets subject to claims made by James J. Taylor, Jr., Celesta Taylor, Maehunt Farm, LLC, and Maehunt Sport Horses, LLC (Doc. 39), or until the related

---

[1] The parties have obtained stays in related civil forfeiture cases pending in this District on the grounds that proceeding to discovery would either burden the Taylor Claimant's Fifth Amendment rights or prevent the Government from conducting discovery. *United States v. Real Property Located at Parcel 12275-000-11, Marion County, Florida*, 2:21-CV-2101 (Doc. 39); and *United States v. a 2022 Brown Featherlite Coach RV*, 2:21-CV-2165 (Doc. 36).

criminal investigation is resolved, whichever is sooner.

                                       Respectfully submitted,

                                       DAVID CLAY FOWLKES
                                       UNITED STATES ATTORNEY

                                       */s/ Aaron Jennen*
By

                                       Aaron Jennen
                                       Assistant United States Attorney
                                       Arkansas Bar No. 2004156
                                       414 Parker Avenue
                                       Fort Smith, Arkansas 72901
                                       479-783-5125
                                       Aaron.Jennen@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Kimberly Weber, Attorney for Claimant Brant Jolly;

Mack K. Martin, Attorney for Claimants James J. Taylor, Jr., Celesta Taylor, Maehunt Farm, LLC, and Maehunt Sport Horses, LLC; and

Andrew King and McKenzie L. Raub, Attorneys for Claimant JP Morgan Chase Bank, N.A.

I hereby certify that on this 12th day of June, 2023, I mailed a copy of the foregoing to the following:

Dillon Taylor
200 East Central Avenue
Central City, AR 72941

Miranda Plum
6202 W. Sage Drive
Rogers, AR 72758

Morgan Taylor
2616 Carly Drive
Lavaca, AR 72941

Kaylee Taylor
201 Highway 255
Lavaca, AR 72941

Abrie Rainwater
8500 S. Camp Trail
Van Buren, AR 72956

Jennifer Taylor
201 255 Highway
Lavaca, AR 72941

Billy Taylor
Logan County Detention Center
201 South Lowder Street
Paris, AR 72855

Ally Financial
P.O. Box 8101
Cockeysville, MD 21030

Daniel Cook
616 N. 34th
Fort Smith, AR 72903

*/s/ Aaron Jennen*
Aaron Jennen
Assistant U.S. Attorney