# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|                PLAINTIFF | ) | |
| | ) | |
| v. | ) | Civil No. 2:21-CV-02189 |
| | ) | |
| 2019 Black Mercedes-Benz 3500XD Crew, VIN: WD4PF4CDXKP155500 | ) ) | |
| | ) | |
| 2017 White Tesla Model X, VIN: 5YJXCAE48HF075775 | ) ) | |
| | ) | |
| 1962 Red/Cream Chevrolet Impala, VIN: 21769K160645 | ) ) | |
| | ) | |
| 2015 White Toyota 4-Runner, VIN: JTEBU5JR9F5238248 | ) ) | |
| | ) | |
| 2019 White BMW X3, VIN: 5UXTS3C5XKLR73709 | ) ) | |
| | ) | |
| 2020 Can-Am Maverick X3, VIN: 3JBVXAV4XLK001577 | ) ) | |
| | ) | |
| 2020 Yellow Honda TRX420FA2L Rancher ATV, VIN: 1HFTE4192L4600458 | ) ) | |
| | ) | |
| 2019 Blue/Orange Bombardier 35KA Wake 155, Hull Number: YDV45515A919 | ) ) | |
| | ) | |
| 2019 Blue/Orange Bombardier 35KA Wake 155, Hull Number: YDV41862K819 | ) ) | |
| | ) | |
| 2015 White Rolls Royce Wraith, VIN: SCA665C56FUX85372 | ) ) | |
| | ) | |
| 2014 Black Porsche Panamera, VIN: WP0AF2A76EL083482 | ) ) | |
| | ) | |
| 2020 White Chevrolet Silverado 1500 Crew Cab, VIN: 1GCUYGED0LZ253284 | ) ) | |

Page **1** of **11**

2021 Black GMC Yukon Denali, VIN: )
1GKS1DKL1MR116205 )
 )
2020 Black Ford F-450, VIN: )
1FT8W4DT9LEC83745 )
 )
2021 White Four Star Trailer, VIN: )
4FKHG372XM0039028 )
 )
1998 Red Dodge Ram 2500, VIN: )
3B7KF2660WM245434 )
 )
2017 Black Cadillac Escalade, VIN: )
1GYS4DKJ8HR389417 )
 )
2011 Black Mercedes-Benz GLK Class Utility, )
VIN: WDCGG8HB3BF642818 )
 )
Toro Riding Lawnmower, Model Number: 75755 )
 )
2012 White Ford Commercial Transit Connect )
Cargo Van, VIN: NM0LS7AN7CT091388 )
 )
2021 Black Karavan Trailer, VIN: )
5KTUS1413KF519784 )
 )
2011 Red Polaris Ranger, VIN: )
4XAWH50A1BB413732 )
 )
2021 White Cadillac Escalade Platinum, VIN: )
1GYS4GKL4MR297394 )
 )
2015 Gray Nissan Juke, VIN: )
JN8AF5MR3FT513022 )
 )
4 Trailers )
 )
$44.29 in funds from First Horizon Bank account )
ending in 3194 )
 )
$94,971.58 in funds from Bank OZK, Fort Smith, )
AR account ending in1863 )
 )
$225.95 in funds from IBC Bank, Fort Smith, AR )

| | |
|---|---|
| account ending in 0124 | ) |
| $9,046.29 in funds from BancFirst, Oklahoma City, OK account ending in 4027 | ) ) ) |
| | ) |
| $44,840.37 in funds from BancFirst, Oklahoma City, OK account ending in 9512 | ) ) |
| | ) |
| $22,843.23 in funds from BancFirst, Oklahoma City, OK account ending in 7788 | ) ) |
| | ) |
| $72,008.59 in funds from Valliance Bank, Fort Smith, AR account ending in 4208 | ) ) |
| | ) |
| $20,858.19 in funds from Valliance Bank account ending in 7046 | ) ) |
| | ) |
| $101,754.95 in funds from Valliance Bank account ending in 7970 | ) ) |
| | ) |
| $833.96 in funds from Bank of Oklahoma account ending in 7502 | ) ) |
| | ) |
| $14,062.61 in funds from Bank of Oklahoma account ending in 0157 | ) ) |
| | ) |
| $2,094.00 in funds from Bank of Oklahoma account ending in 2749 | ) ) |
| | ) |
| $25.06 in funds from Bank of Oklahoma account 6456 | ) ) |
| | ) |
| $52,493.00 U.S. Currency | ) |
| | ) |
| One Aria Casino $5,000 Poker Chip | ) |
| | ) |
| 29 pairs of shoes | ) |
| | ) |
| 5 paintings, 3 prints and 1 poster | ) |
| | ) |
| 1 Louis Vuitton handbag | ) |
| | ) |
| Miscellaneous jewelry items to include rings, necklaces and pendants, earrings, ladies Rolex watch | ) ) ) |

| | |
|---|---|
| 3 framed sports collectible jerseys | ) |
| | ) |
| Black cabinet sound console with assorted analog boards, power supplies, and equalizers | ) ) ) |
| | ) |
| Wood cabinet sound console with assorted analog boards, sound processing and equalizers | ) ) ) |
| | ) |
| API Legacy Sound Console with Computer Screen and Power Supply, black | ) ) |
| | ) |
| Miscellaneous music equipment to include, guitars and cases, cymbals, drums and stools, piano/ keyboards, amplifiers and cases, speakers, headphones, microphones and stands, tambourines, violins, toms, guitar straps/strings/picks/stands/ pedals, power and adapter cords and cables, square reader for credit cards, light systems, guitar seats, soundproof tiles, hard drives, | ) ) ) ) ) ) ) ) ) |
| DEFENDANTS | ) |

## GOVERNMENT'S MOTION TO STRIKE THE CLAIM OF CLAIMANT DANIEL COOK AND BRIEF IN SUPPORT

Plaintiff, United States of America, by its attorneys, David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, files this motion and brief in support to strike the claim of claimant Daniel Cook (herein after "Claimant Cook") pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for failing to file an Answer as required by Rule G(5)(b), and in support thereof states the following.

## BACKGROUND

From approximately February 2017 through approximately May 2021, Billy Joe Taylor (hereinafter "Taylor") engaged in a fraud scheme that defrauded Medicare and private insurers of

tens of millions of dollars. *See generally*, *United States v. Billy Joe Taylor*, W.D. Ark. Case No. 2:21-CR-20030, Plea Agreement filed October 27, 2022 (Doc 103); and Declaration of Federal Bureau of Investigation Special Agent Matthew Ferguson (Doc. 2-1). Essentially, Taylor and his co-conspirators used various laboratories and medical clinics around the country to bill Medicare and private insurance for testing that was not actually ordered or performed, including submitting claims for deceased beneficiaries.

On November 23, 2021, Plaintiff filed a Complaint for Forfeiture in Rem based upon the fraud scheme perpetrated by Taylor and his co-conspirators, alleging that the Defendant property, including a 1962 Red/Cream Chevrolet Impala, VIN: 21769K160645 ("1962 Impala"), was proceeds of Health Care Fraud and Conspiracy to Commit Health Care Fraud, and was proceeds of or involved in Money Laundering. (Doc. 2).

On November 30, 2021, Plaintiff sent a Notice of Complaint for Forfeiture along with a copy of the Complaint to Claimant Cook. (Doc. 14). The Notice advised Claimant Cook that he had 35 days from the date the notice was sent to file a verified claim. *Id.* The Notice also instructed:

> CONTENTS OF VERIFIED CLAIM: Pursuant to Rule G(5)(a), the claim must (a) identify the specific property claimed; (b) identified [sic] the claimant and state the claimant's interest in the property; and (c) be signed by the claimant under penalty of perjury (see 28 U.S.C. § 1746).
>
> FILING OF AN ANSWER: If you filed a verified claim, you **must** then file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the verified claim.
>
> . . .
>
> **FAILURE TO FOLLOW THE REQUIREMENTS SET FORTH ABOVE MAY RESULT IN JUDGMENT BY DEFAULT TAKEN AGAINST YOU FOR REIEFT** [sic]

**DEMANDED IN THE COMPLAINT. YOU MAY WISH TO
SEEK LEGAL ADVCE TO PROTECT YOUR INTERESTS.**

*Id*. (emphasis in original). Claimant Cook was served with the Notice and Complaint by certified mail as evidenced by the Affidavit of Service filed with the Court on May 4, 2022. (Doc. 60).

On December 8, 2021, Claimant Cook filed a *pro se*, unverified claim stating, "I Daniel Cook Jr. claim ownership of the 1964 [sic] Red/Cream Chevrolet [sic] Impala, VIN: 21769K160645, was given to me as a Gifted Vehicle back in April of 2021." (Doc. 35). Claimant Cook's claim was not signed under penalty of perjury as is required and as was instructed in the Notice. Pursuant to Rule G(5)(b), Claimant Cook was required to file an Answer 21 days after filing his claim, here, by December 29, 2021.

On January 5, 2022, after the deadline for Claimant Cook to file an Answer had passed, this Court stayed the civil forfeiture proceedings pending the resolution of Taylor's related criminal case. (Doc. 43). On June 12, 2023, shortly after Taylor was sentenced in the related criminal case on June 8, 2023, the United States moved to reopen the civil forfeiture proceedings except as to those items of Defendant Property that had been claimed by James J. Taylor, Jr., Celesta Taylor, Maehunt Farm, LLC, and Maehunt Sport Horses, LLC. (Doc. 115). The United States' Motion was granted. (Doc. 116).

Prior to the partial lift of the stay and in anticipation that the stay would soon be lifted, the United States sent a letter to Claimant Cook on June 1, 2023. (attached Exhibit 1, "the June 1 Letter"). The June 1 Letter instructed Claimant Cook that he was required to file an Answer by December 29, 2021, that he has failed to do so, and that this failure could result in the dismissal of his claim. The June 1 Letter stated that the United States would give Claimant Cook until June 15,

2023, to file an Answer, and advised after that date the United States would move to strike Claimant Cook's claim to the 1962 Chevrolet Impala.

Claimant Cook received the June 1 Letter and called counsel for the United States on June 14, 2023, which the United States summarized in an email sent to Claimant Cook the same day. (attached Exhibit 2). During the phone call, the United States agreed to give Claimant Cook until June 29, 2023, to file an Answer. The United States made clear that once the stay of civil forfeiture proceedings was lifted, if Claimant Cook had not filed an Answer by June 29, 2023, the United States would move to strike his claim.

As of this date, Claimant Cook has not filed an Answer, has not asked the United States for any further extension of the deadline, has not sought an extension from the Court, and appears to have abandoned his claim.

## ARGUMENT

In rem forfeiture actions are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"). *United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047, 1048 (8th Cir. 2019). Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be stricken for lack of statutory standing. *See United States v. $5,880 in U.S. Currency*, 2022 WL 4536235 (D. Colo. Sept. 28, 2022); *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999).

Supplemental Rule G(5) requires a prospective claimant to file two pleadings: (1) a claim, and (2) an answer. *See* Supp. R. G(5)(a), (b). A claim is a sworn document that "identifies] the specific property claimed," the claimant, and the claimant's legal interest in the property. *See* Supp. R. G(5)(a)(i). Rule G(5)(b) provides that "[a] claimant must serve and file an answer to the

complaint or a motion under Rule 12 *within 21 days after filing the claim.*" Supp. R. G(5)(b) (emphasis added). An answer "serves to 'apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail.'" *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp. 2d 97, 102 (D.D.C. 2009) (quoting 5 Wright & Miller, *et al.*, Fed. Prac. & Proc., § 1261 (3d ed. 2004)).

Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, the government may move to strike the claim for lack of standing. *See Cambio Exacto*, 166 F.3d at 526 (stating that a claimant who fails to meet specified deadlines in the Supplemental Rules lacks statutory standing); *United States v. 2015 Cadillac ATS Coupe*, 2022 WL 3097920 (D. Conn. Aug. 4, 2022); *United States v. $4,500 in U.S. Currency*, 2021 WL 5043385 (C.D. Ill. Oct. 13, 2021); *United States v. Two Thousand, Six Hundred Fifty-Four Dollars ($2,654)*, 2021 WL 6339080 (S.D. Ohio Oct. 12, 2021); *United States v. 210 Drake Dr. Rochester, NY*, 2021 WL 2200512 (W.D.N.Y. June 1, 2021);

The fact that Claimant Cook is proceeding *pro se* does not constitute authorization to disregard the stringent standards of Rule G. District courts, routinely grant motions to strike claims when *pro se* litigants fail to comply with the Supplemental Rules, particularly when the litigant had previously been given opportunities to cure the defect or failed to establish excusable neglect for missing the deadline. *See, e.g.*, *United States v. $29,410 in U.S. Currency*, 600 F. App'x 621, 623 (10th Cir. 2015) (court affirmed order striking *pro se* claim for failure to file an answer); *United States v. $11,320.00 in U.S. Currency*, 880 F. Supp. 2d 1310, 1319, 1323-24 (N.D. Ga. 2012) (granting motion to strike *pro se* claim for lack of statutory standing where claimant did not file

an answer, even after AUSA advised claimant that she must do so); *United States v. $14,000 in U.S. Currency*, No. 19-cv-153S, 2020 WL 1815756, at *3 (W.D.N.Y. Apr. 10, 2020) (motion to strike granted where *pro se* claimant failed to file an answer and he had been granted numerous extensions to do so); *United States v. $11,585.00 & $24,077.00 in U.S. Currency*, No. 5:18-cv-810, 2019 WL 1877295, at *1 (N.D.N.Y. Apr. 26, 2019) (motion to strike granted where *pro se* claimant filed a late claim without establishing excusable neglect for missing earlier deadline); *United States v. Any & All Funds on Deposit in Bank of Am. Account No. 004836378025*, No. 14-cv-1928, 2015 WL 5173044, at *2 (S.D.N.Y. Sept. 3, 2015) (granting motion to strike *pro se* claim and explaining "when a claimant fails to file an answer within 21 days after filing a claim, she does not have statutory standing to bring a claim"). *United States v. $22,226.25*, 763 F. Supp. 2d 944, 948-949 (E.D. Tenn. 2011) (court granted motion to strike *pro se* claim for failing to file an answer where there was no legitimate excuse for failing to comply).

Although the Court has discretion to depart from the strict compliance ordinarily required by the Supplemental Rules, based on the history of this case, how much time has elapsed since the claim was filed, and the opportunities that Claimant Cook has already been provided to file a late answer, the Court should decline to exercise that discretion here. *United States v. $417,143.48*, 682 F. App'x 17, 19 (2d Cir. 2017) (district court did not abuse its discretion for denying leave to file an untimely claim when the district court observed "no indication that [a claimant] has been pursuing her rights diligently"); *United States v. 2840 S. Ocean Boulevard*, No. 14-cv-2693, 2019 WL 1533538, at *5 (E.D.N.Y. Apr. 21, 2017) (declining to exercise discretion to excuse *pro se* claimant's lack of statutory standing in light of the court's duty to resolve disputes without delay).

## CONCLUSION

For the reasons set forth, the Plaintiff moves this Court pursuant to Supplemental Rule G(8)(c)(i)(A) to strike the Claim of Claimant Cook (Doc. 35) for failure to comply with Supplemental Rule G(5)(b).

Respectfully submitted,

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: */s/ Aaron Jennen*
AARON JENNEN
Assistant United States Attorney
Arkansas Bar No. 2004156
414 Parker Avenue
Fort Smith, AR   72901
Telephone: (479) 249-9044
E-mail: Aaron.Jennen@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Aaron Jennen, Assistant United States Attorney for the Western District of Arkansas, certify that on July 27, 2023, I electronically filed the foregoing with the Court using the CM/ECF system. I have also mailed and electronically mailed a copy to the following:

Daniel Cook
616 N 34th
Fort Smith, Arkansas 72903
Danielcook141@gmail.com

*/s/ Aaron Jennen*

Aaron Jennen
Assistant U.S. Attorney